```
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT BLUEFIELD
```

**EMMANUEL GIBSON,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION No. 1:21-00652**

**MCDOWELL COUNTY**
**COMMISSION, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant McDowell County Commission's motion to dismiss. See ECF No. 7. For the reasons expressed below, that motion is **GRANTED** in part and **DENIED** in part.

### I. Background

According to the allegations of the Complaint, which are taken as true at this stage of the proceedings, plaintiff Emmanuael Gibson was incarcerated at the Stevens Correctional Center ("Stevens") on or about September 22, 2020. See ECF No. 1 at ¶ 10. The McDowell County Commission operates Stevens. See id. at ¶¶ 1, 3. At all relevant times, Sgt. Aaron Cantrell and Corporal Nicholas Culbertson were correctional officers at Stevens and, therefore, employees of the McDowell County Commission. See id. at ¶ 4. On September 22, Gibson's pod at Stevens was locked down, "meaning all inmates were locked in

their cells[.]"  Id. at ¶ 12.  Upset with the lockdown, some of the inmates "started yelling at the correctional officers."  Id.

Approximately ten to fifteen minutes after the yelling started, Sgt. Cantrell entered plaintiff's "pod and deployed multiple rounds of 40 mm into the pod" and "also deployed an Oleoresin Capsicum (OC) grenade."  Id. at ¶ 13.  Corporal Culbertson "deployed multiple shots with a pepper ball gun" into plaintiff's cell.  Id.  Plaintiff alleges that he "never caused any disturbance, refused orders, or was a threat to the correctional officers, himself, others, or state property."  Id.  According to plaintiff, he was "maliciously and wrongfully attacked by the correctional officers."  Id.

On December 14, 2021, plaintiff filed a complaint against the McDowell County Commission, Sgt. Cantrell, and Corporal Culbertson.  In Count I of the Complaint, plaintiff asserts a claim against all defendants, pursuant to 42 U.S.C. § 1983, for excessive force and cruel and unusual punishment in violation of his Eighth Amendment rights.  See id. at ¶¶ 16-21.  Plaintiff also asserts claims for outrageous conduct (Count II) and violations of West Virginia Code § 29-12A-5(b)(2) (Count III).[1]  See id. at ¶¶ 22-29.

---

[1] Count III does not assert a claim against the McDowell County Commission.

McDowell County Commission filed a motion to dismiss Counts I and II of the Complaint, as well as any claim against it for punitive damages. In response to defendant's motion, plaintiff voluntarily dismissed his claim of outrageous conduct against the McDowell County Commission. See ECF No. 10 at 1. Accordingly, defendant's motion is **GRANTED** insofar as it seeks dismissal of Count II. In addition, plaintiff confirmed that he was not seeking punitive damages against the Commission. See id. at 1-2.[2] Plaintiff maintains, however, that he has stated a viable § 1983 claim against the McDowell County Commission.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993);

---

[2] The Complaint explicitly states that "Plaintiff does not seek punitive damages from the McDowell County Commission." ECF No. 1 at ¶ 8.

3

see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (same).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance.  When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47; 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement

> fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); see also Midgal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.").

III.  Analysis

The McDowell County Commission asserts that Count I should be dismissed as to it arguing that plaintiff fails to plausibly allege a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978).  "[U]nder Monell, a municipality is liable only for its own illegal acts."  Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014) (citations omitted) (emphasis in original).

> Pursuant to this standard, a municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights.  Monell, 436 U.S. at 694, 98 S. Ct. 2018.  Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the sine qua non of Monell liability.

Id.  A municipal policy or custom may be established

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 1999) (internal citation and quotations omitted).

In this case, plaintiff alleges that the McDowell County Commission "ha[s] a custom or policy of allowing employees to engage in and commit acts of excessive force in violation of the

6

United States Constitution." ECF No. 1 at ¶ 6. The Complaint goes on to allege the following:

> 15. Defendant McDowell County Commission was aware of ongoing problems regarding the unnecessary use of force at the facility but failed to address these problems. Their refusal to address such conduct resulted in a custom and policy whereby excessive force was overlooked and tacitly approved. Upon information and belief, the WVDOCR was required to place a supervisor in place in an attempt to bring the facility into compliance with correctional standards and the United States Constitution.
>
> * * *
>
> 20. Plaintiff further alleges that the violations of his constitutional rights were caused by implementation of a custom, policy, or official act of the McDowell County Commission, including, among other things, permitting the excessive use of force, assault, and battery of incarcerated individuals, including Plaintiff. McDowell County Commission was aware of ongoing excessive uses of force but failed to take action to intervene, thereby violating plaintiff's Constitutional rights. The McDowell County Commission and other unknown defendants violated plaintiff's Eighth Amendment rights when they acted in a deliberately indifferent manner when they failed to intervene on plaintiff's behalf by addressing numerous events of excessive force carried out by its employees. . . . Defendant McDowell County Commission's repeated failure to address the excessive force issues of its employees, created a custom and policy that resulted in repeated excessive force incidents that violated the rights of incarcerated individuals, including the plaintiff.

Id. at ¶¶ 15, 20. Based on the foregoing, plaintiff "alleges a theory of custom 'by condonation.'" Owens, 767 F.3d at 402 (quoting Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

> Under this theory of liability, a city violates § 1983 if municipal policymakers fail "to put a stop to or

> correct a widespread pattern of unconstitutional conduct."  [Spell] at 1389. . . .
>
> Prevailing under such a theory is no easy task.  A plaintiff must point to a "persistent and widespread practice[] of municipal officials," the "duration and frequency" of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their "deliberate indifference."  Id. at 1386-91 (alterations omitted).  Both knowledge and indifference can be inferred from the "extent" of employees' misconduct.  Id. at 1391.  Sporadic or isolated violations of rights will not give rise to Monell liability; only "widespread or flagrant" violations will."  Id. at 1387.
>
> Although prevailing on the merits of a Monell claim is difficult, simply alleging such a claim is, by definition, easier.

Id. at 402-03.  With the foregoing standards in mind, the court finds that plaintiff's complaint adequately alleges a Monell claim against the McDowell County Commission.  His factual allegations "that municipal officials have used excessive force on multiple occasions in the recent past, which the court must accept as true, plausibly support[s] his Monell claim because allegations of multiple instances of the same constitutional violation can establish a persistent, widespread pattern of practice that forms the basis of an impermissible custom."  Daniels v. City of Charleston, Civil Action No. 2:20-cv-00779, 2021 WL 3624696, at *5 (S.D.W. Va. Aug. 16, 2021).  In Daniels, Judge Copenhaver allowed a Monell claim to go forward based upon plaintiff's allegation that "the violation of [the plaintiff's] federal constitutional rights was caused by implementation of a

8

custom, policy, or official act of the South Charleston Police Department employees including, but not limited to, their ongoing use of excessive force and cruel and unusual punishment while detaining individuals" and that "[t]he use of excessive force has been employed against multiple West Virginia citizens on multiple occasions within the past 5 years" and "[t]he inappropriate use of force has been sanctioned by supervisors and is condoned by supervising personnel." Id. at *4; see also Fields v. King, 576 F. Supp. 3d 392, 410 (S.D.W. Va. 2021) (denying motion to dismiss Monell claim where plaintiff had "alleged several specific incidents which, taken as true, plausibly establish 'a culture of excessive force and utter disregard for proper police procedures'") (Johnston, C.J.); Quigley v. City of Huntington, Case No. 3:17-cv-01906, 2017 WL 953323, at *9 (S.D.W. Va. Sept. 22, 2017) (finding that plaintiff had alleged enough facts to pursue a condonation theory of liability under Monell where he "identifie[d] a municipal custom and cites to seven prior civil rights lawsuits filed against the Huntington Police Department to demonstrate the length and breadth of the alleged problem.") (Eifert, M.J.). For all these reasons, the court **DENIES** defendant's motion to dismiss plaintiff's Monell claim.

## IV. Conclusion

Defendant's motion to dismiss is **GRANTED** as to Count II and **DENIED** as to Count I.

9

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 29th day of March, 2023.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge